UNITED STATES of America,
Plaintiff–Appellee,

v.

Jose Esteban QUINTERO–SANCHEZ,
a.k.a. Jose Esteban Quintero, a.k.a.
Jose Quintero–Sanchez, Defendant–
Appellant.

Nos. 14–10470, 14–10471.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 21, 2015.*

Filed Sept. 25, 2015.

Matthew Cassell, Assistant U.S., USTU–Office of the U.S. Attorney, Tucson, AZ, Plaintiff–Appellee.

Before: REINHARDT, LEAVY, and BERZON, Circuit Judges.

MEMORANDUM **

In these consolidated appeals, Jose Esteban Quintero–Sanchez appeals from the district court's judgment and challenges the 30–month sentence imposed following his jury-trial conviction for reentry after deportation, in violation of 8 U.S.C. § 1326, and the consecutive 18–month sentence imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Quintero–Sanchez contends that the district court procedurally erred by failing to consider and discuss his sentencing argu-

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

ments and the 18 U.S.C. § 3553(a) factors. We review for plain error, see United States v. Valencia–Barragan, 608 F.3d 1103, 1108 (9th Cir.2010), and find none. The record reflects that the district court considered Quintero–Sanchez's arguments and the applicable section 3553(a) factors, and sufficiently explained the sentence. See United States v. Carty, 520 F.3d 984, 992 (9th Cir.2008) (en banc).

Quintero–Sanchez next contends that the sentence is substantively unreasonable because the district court allegedly focused on a stale criminal conviction and failed to account for the mitigating factors. The district court did not abuse its discretion in imposing Quintero–Sanchez's sentence. See Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The aggregate within-Guidelines sentence is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances, including Quintero–Sanchez's criminal and immigration history. See Gall, 552 U.S. at 51, 128 S.Ct. 586.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.